IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lonnie L. Cartrette,             ) | Civil Action No.: 4:13-cv-03124-RBH |
|                                  ) | Criminal No.: 4:11-cr-00400-RBH-1 |
| Petitioner,          ) | |
|                                  ) | |
| v.                               ) | **ORDER** |
|                                  ) | |
| United States of America,        ) | |
|                                  ) | |
| Respondent.          ) | |
| _____ ) | |

Pending before the Court are (1) Lonnie L. Cartrette's ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255 (ECF No. 116) and (2) Respondent's Motion for Summary Judgment (ECF No. 122).  For the following reasons, the Court grants Respondent's Motion for Summary Judgment and dismisses Petitioner's Motion to Vacate with prejudice.[1]

**Procedural History**

On March 22, 2011, a federal grand jury returned a one-count indictment against Petitioner. Count One charged him with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e).  Petitioner entered a plea of not guilty and proceeded to trial before a jury on November 8 through 9, 2011.  The jury returned a guilty verdict on November 9, 2011.

At a sentencing hearing held on March 3, 2012, Petitioner's Presentence Report (PSR) indicated a base offense level of 20 because he had a South Carolina felony conviction for a crime of violence. [PSR, Doc. #92, at 15]   The PSR included a two-point adjustment for obstruction, resulting in a total

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

offense level of 22. The Court sentenced Petitioner to 54 months imprisonment, and this judgment was docketed on March 13, 2012. Petitioner filed an appeal, and the Fourth Circuit affirmed by way of opinion issued on December 31, 2012 (ECF No. 113). The mandate was issued on January 22, 2013.

Based on the prison mail room stamp, Petitioner filed the instant Motion to Vacate on November 13, 2013, alleging the following grounds for relief:

> **Ground One:** The District Court lacked subject matter jurisdiction and was without proper legislative authorization to prosecute Cartrette for cause and punishment pursuant to 18 U.S.C. § 922(g)(1) and § 924(a)(2). Lack of jurisdiction.
>
> **Ground Two**: Counsel was ineffective and failed to protect Petitioner's Fifth, Sixth, Eighth, and Fourteenth Amendment rights by not advocating for the issued presented herein. Defense counsel was ineffective for "not advocating" the issues(s) contained herein Grouond I.(a) pursuant to the aforementioned holdings of "Simmons and Carachuri."

[Pet'r's Mot. to Vacate, Doc. # 116, at 3-8]

On November 26, 2013, the government filed a Motion for Summary Judgment and Response [Doc. # 122 and 121 ], alleging that Petitioner's Motion was without merit. An order filed on November 26, 2013, pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), advised Petitioner of the dismissal procedure and the possible consequences if he failed to respond adequately. The petitioner's response pursuant to the *Roseboro* Order was due on December 30, 2013. On December 11, 2013 (based on prison mail room stamp), Petitioner filed a Response to the *Roseboro* Order in which he indicated that he did not receive the government's response to his motion to vacate and that he be given additional time to respond. [Doc. #127.] Petitioner also filed a motion to amend his response to the *Roseboro* Order. [Doc. # 128] On December 17, 2013, this court entered a text order granting the motion to amend his response, ordering the Clerk to mail the petitioner ECF Numbers 121 and 122 (referred to in the text order as the government's Motion for Summary Judgment and supporting

2

Memorandum), and extending the deadline for filing a response to the motion for summary judgment for an additional 34 days, making the deadline January 23, 2014. On January 16, 2014, the petitioner filed a document entitled "Under Objections Forced Response to Roseboro Order (DE. #123) Motion to Dismiss or for Summary Judgment." (ECF No. 134) In this filing, Petitioner states that he received from the Clerk as ordered by the Court Docket Entries 121 and 122, but that neither of these documents was entitled "Memorandum in Support of Motion for Summary Judgment." Instead, the government filings that he received were entitled "Response in Opposition" and "Motion for Summary Judgment", respectively. He also responds to the government's motion and response on the merits.

As the government's Response to Petitioner's Motion was actually its memorandum in opposition to Petitioner's Motion, the petitioner received all of the government's filings. Therefore, the Court will review Petitioner's claims.

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' (internal citation omitted) For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. (internal citations omitted) Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'". *Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02-6242,

2002 WL 1932522, at *1 (4th Cir Aug. 22, 2002) ("Non-constitutional claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding under § 2255.").

It is well-settled that claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. To obtain relief based on ineffective assistance of counsel, Petitioner must show (1) that counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and this Court must be highly deferential in scrutinizing counsel's performance. *Id*. at 688-89.

> Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690.

To establish prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 688-89. "Reasonable probability" is probability sufficient to undermine confidence in the outcome. *Jeffers v. Leeke*, 835 F.2d 522, 525 (4th Cir. 1987). In the context of a guilty plea, the prejudice prong is satisfied where there "is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The

4

first inquiry--whether counsel's performance was deficient -- may be by-passed if the claim is more easily disposed on the ground of lack of prejudice. *Strickland* at 697.

## **Legal Standard for Summary Judgment**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2) (2009). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp.,* 477 U.S. at 322.

**Analysis**

Petitioner asserts that this Court lacked subject matter jurisdiction and legislative authority to prosecute him under 18 U.S.C. Section 922(g)(1) and Section 924(a)(2) because he was allegedly not a felon. He also asserts that counsel was ineffective for failing to make this argument. Additionally, Petitioner asserts pursuant to *U.S. v. Simmons*, 649 F.3d 237 (4th Cir. 2011), that his prior convictions no longer qualify as felony convictions.

*Simmons* was decided before the petitioner was sentenced; therefore, arguments relating to *Simmons* could have been raised in a direct appeal. Even if Petitioner's arguments under *Simmons* were allowed on habeas review, the argument lacks merit. The *Simmons* court, examining a particular North Carolina statute and the legal authority interpreting that statute, held that certain North Carolina drug convictions may not be used as predicate offenses under the Controlled Substances Act. *Simmons*, 649 F.3d at 244–48. Petitioner's predicate convictions are for *South Carolina* offenses of strong arm robbery, burglary second, and assault and battery of a high and aggravated nature, to which *Simmons* is inapplicable.

Petitioner's assertion that his counsel should have asserted that his convictions were not felonies, and that he was thus erroneously classified as a felon for purposes of being a felon in possession of firearms is based on an argument that prior crimes cannot be used to enhance a sentence where the defendant did not actually serve more than one year in prison. Petitioner misconstrues the statute. The crime of felon in possession of a firearm requires the defendant to have been convicted of a crime "**punishable** by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(emphasis added). "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(20). Under South Carolina

6

law, strong arm robbery and burglary second are felony offenses, punishable by a term of imprisonment exceeding one year. *See* S.C. Code Ann. § § 16-11-325 (common law offense of robbery a felony); 16-11-312 (burglary second degree a felony). South Carolina common law assault and battery of a high and aggravated nature is a misdemeanor punishable by up to ten years in prison. *State v. Fennell*, 340 S.C. 266, 531 S.E.2d 512 (2000).[2] Therefore, Petitioner's attorney was not ineffective in failing to make these arguments. As discussed above, Petitioner's arguments based on *U.S. v. Simmons*, 649 F.3d 237 (4th Cir. 2011) lack merit and therefore counsel was not ineffective in failing to make arguments at sentencing based on *Simmons*.

Therefore, the government's motion for summary judgment is granted, and the petition is dismissed with prejudice.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

---

[2] South Carolina Code Section 16-3-600(B((2) was added in 2010, after the petitioner's conviction for ABHAN. The new statute provides that ABHAN is a felony and, upon conviction, must be imprisoned for not more than 20 years.

7

**Conclusion**

Having thoroughly reviewed the entire record and the applicable law, it is **ORDERED** that Respondent's Motion for Summary Judgment [Doc. #122] is **GRANTED** and Petitioner's Motion to Vacate [Doc. # 116] is **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
November 25, 2014